Deborah L. Clugston, Beneficiary of
& David J. Pelkey, Executor for
STONEGATE FAMILY TRUST,
c/o 342 Stonegate Court
Chambersburg, PA 17201
(717) 264-7592

Plaintiff(s), in propria persona.

FILED
HARRISBURG, PA
MAY 1 3 2011
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Deborah L. Clugston, Beneficiary of & David J. Pelkey, Executor for STONEGATE FAMILY TRUST<br>　　　Plaintiff(s),<br>Vs.<br><br>Irene M. Dorner, CEO HSBC BANK USA, NA, Ronald M. Farris, CEO, OCWEN FINANCIAL CORPORATION,<br>Richard F. Stern, Esq., PA ID: 3315,<br>Steven K. Eisenberg, Esq., PA ID: 75736,<br>Kevin P. Diskin, Esq., SBN 86727,<br>STERN & EISENBERG LLP;<br>DOES I through X;<br>ROES I through X<br>　　　Defendant(s). | Civil Action No.: 1:11-CV-455<br><br>CIVIL – LAW<br><br>1ST AMENDED COMPLAINT COMPLAINT FOR QUIET TITLE ACTION; AFFIRMATIVE DEFENSES AND DAMAGE CLAIMS;<br>JURY TRIAL REQUESTED |

### 1ST AMENDED COMPLAINT, COMPLAINT FOR QUIET TITLE ACTION; AFFIRMATIVE DEFENSES AND DAMAGE CLAIMS

### JURISDICTION

The Federal District Courts are the proper venue for deciding these matters for the following reasons:

1. Defendant(s), at all times herein mentioned, were residents of, and/or doing business in, the State of Pennsylvania.

2. Defendant(s), at all times herein mentioned, were doing business as institutions organized and existing under either:

    a. the federal laws as National Associations, and/or

    b. the laws of the State of Pennsylvania, with offices located in Pennsylvania,and/or

    c. the federal laws state outside the State of Pennsylvania by requiring payments be sent through the U.S mails.

3. Further, Defendant(s) as agents comprising the COMPANY have been making claims upon the PROPERTY located within the state of Pennsylvania.

4. Plaintiff(s) is ignorant of the true names and capacities of all the Defendant(s) sued herein as DOES I through X, and ROES I through X inclusive, and therefore sues these Defendant(s) by such fictitious names. Plaintiff(s) will amend this complaint to allege their true names and capacities when ascertained.

5. Plaintiff(s) is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendant(s) sued herein was the agent by contract or presumption and/or employee of each of the remaining Defendant(s) and was at all times acting within the purpose and scope of such agency and employment.

6. Plaintiff(s) is and at all times herein mentioned the owner and/or entitled to possession of the property commonly as known as 342 Stonegate Court, Chambersburg, Pennsylvania 17201, TPN: 3-1E12S-99, hereinafter "PROPERTY", as a property rights issue.

7. Plaintiff(s) is informed and believes and thereupon alleges that Defendant(s), and each of them, claim an interest in the PROPERTY adverse to Plaintiff(s) herein. However, the claim of said Defendant(s) is without any right whatsoever, and said Defendant(s) have not legal or equitable right, claim, or interest in said PROPERTY. Defendant(s) have admitted administratively that they jointly and severally have NO STANDING in regards to the subject PROPERTY. (See Exhibit A)

8. Plaintiff(s) therefore seeks a declaration that the title to the subject PROPERTY is vested

1. in Plaintiff(s) alone and that the Defendant(s) herein, and each of them, be declared to have no
2. estate, right, title or interest in the subject PROPERTY and that said Defendant(s), and each
3. of them, be forever enjoined from asserting any estate, right, title or interest in the subject
4. PROPERTY adverse to Plaintiff(s) herein.
5. 9. The entire matter related to the alleged debt took place through the United States Postal
6. Service, which places jurisdiction in a federal court, not in state court.
7. 10. The Plaintiff as the **Executor for STONEGATE FAMILY TRUST** has experienced that
8. the State of Pennsylvania violated its own constitution by refusing Plaintiff(s)'s remedy of the
9. right of a writ of Habeas Corpus to discover who actually had authority to make a claim on the
10. PROPERTY. If the State won't uphold right to use of habeas corpus per PennsylvaniaConstitution,
11. the Plaintiff(s) must seek remedy in the federal courts on this matter.
12. 11. This case involves the rights to property, rights clearly within the federal jurisdiction.
13. 12. While the Plaintiff(s) chooses to maintain the discussion within the bonds of the federal
14. Constitution, the Company has made a number of violations of the statutes regarding the Security
15. and Exchange Commission, a federal question.
16. 
17. Comes now the Plaintiffs, **Deborah L. Clugston and , Beneficiary of the STONEGATE**
18. **FAMILY TRUST and David J. Pelkey, Executor for STONEGATE FAMILY TRUST**, as
19. detailed in the founding document of the **STONEGATE FAMILY TRUST,** acting, for the benefit
20. of **Deborah L. Clugston** and  to this administrative court with the notice of the following facts
21. concerning an alleged mortgage on the PROPERTY. The trustees for the **STONEGATE FAMILY**
22. **TRUST,** hereinafter capitalized as "TRUSTEE" initiated inquiries concerning the Defendant(s)'
23. (the Company's) claims on the PROPERTY. Alleged trustees for the Company as mentioned in
24. this document shall not be capitalized, i.e. "trustee". As mentioned before, the term "Company"
25. herein refers to any mortgage instituting bank or mortgage company and/or others of fictitious
26. names, and/or other agents, associates, affiliates, and/or co-conspirators, and attorneys and/or
27. realtors involved in the PROPERTY and/or the alleged mortgage.
28.

The Executor for the **STONEGATE FAMILY TRUST** has also been appointed, by **Deborah L. Clugston**, the Executor for **Deborah L. Clugston** and in all matters pertaining to the PROPERTY and claims on the PROPERTY.

The TRUSTEE for the Family Trust has an Administrative Judgment and Claim against the Company. These are facts in admission and are not to be raised again.

## COMPLAINT
## CAUSE FOR QUIET TITLE

1. Plaintiff(s) provided the Company with a notice of tender of full balance due. The Plaintiff(s) intended to pay the entire mortgage off COMPLETELY, in USD, to be deposited directly into the Company account IF the "lender", the Company and Defendant(s), would simply provide mere copies of their documents which show their "authority" (ability) to convey good title. The Company refused to respond.

2. The Company, by all evidence, does not have the legal ability to convey title, (good or otherwise).

3. Plaintiff(s) has demanded to have the holder-in-due-course identified by the Company. The Company has refused.

4. If there is no holder-on-due-course, as Plaintiff(s) suspects, to whom funds have actually been paid each month, who are those funds ultimately benefitting?

5. Plaintiff(s) believe that the Defendant(s), the Company, cannot even appear in this court without proving proper STANDING to oppose the quiet title action.

6. WHO can appear in court as the damaged party for Plaintiff(s) having borrowed USD from their bank account? If no one is making this claim, showing an injury in fact, Plaintiff(s) instead is the one actually being harmed by efforts to take the PROPERTY from Plaintiff(s)'s possession.

7. Plaintiff(s) has been unable to find a party WHO can show that he/she ever paid anything to acquire any obligation concerning the Plaintiff(s) and the PROPERTY. Therefore, there seems to truly be NO "interested party" with "standing" to oppose this Quiet Title action. NOTE: Claim of

a loss of potential "future profits" (unjust enrichment) does NOT qualify as "injury in fact".

## CAUSE FOR DAMAGES

1. The Company has confessed, as indicated in the Administrative Judgment (See Exhibit A), that the Company, individually and jointly, has defrauded the Plaintiff(s) in numerous ways. Accordingly, Plaintiff(s) is seeking a court order to reinforce the administrative commercial claim that has been established in favor of the Plaintiff(s) already. Following is the history of the evidence.

A. The TRUSTEE for the Family Trust made an offer to settle the account in full. That offer was dishonored and was not accepted. The TRUSTEE caused an investigation to be made of the activities of the Company by originally sending a proof of claim contract named "Conditional Acceptance and Demand" (hereinafter "POC", See Exhibit B) along with an Affidavit (See Exhibit C) covering the same points as the POC. Based upon that investigation, the TRUSTEE has determined that the above named Company, and their attorneys, have engaged in acts and/or practices and conduct appearing to be a "pattern of racketeering activity", an activity within the meaning of RICO statutes in 18 U.S.C § 1961(5), in violation of § 1962, §§ 471, 472, and 473 (relating to counterfeiting), §§ 891-894 (relating to extortionate credit transactions), section 1344 (relating to financial institution fraud), § 1510 (relating to obstruction of criminal investigations), §§ 1581-1591 (relating to peonage, slavery, and trafficking in persons), § 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), § 1956 (relating to the laundering of monetary instruments), and § 1957 (relating to engaging in transactions in property derived from specified unlawful activity). **There are genuine issues of material fact** to be addressed here, including falsification of public records, failure to prove standing, SEC violations and mail fraud. However, Plaintiff(s) is not, at this time, herein pressing RICO charges.

B. The points enumerated in the POC were agreed to by the Company, either by their silent

acceptance or direct response. Having been given two notices of fault and opportunity to cure followed by a Default Notice, the Company has failed to prove that it is the creditor concerning the PROPERTY and has accepted AS FACT the conclusions.

C. The STONEGATE FAMILY TRUST, with the Mortgagor as beneficiary, was created as an Express Trust, with the understanding that unlawful purpose, surety of the parties, beneficial interest, color of title and trusteeship, not to be imputed unless expressly defined in the family trust document. No other entity may act as Executor for any matters concerning the PROPERTY, mortgages and Notes connected to the PROPERTY or claims on the mortgages except the TRUSTEE for the Family Trust, as appointed by the Executor of **Deborah L. Clugston** and . Furthermore, based on the investigation, the TRUSTEE thereby issued the following Finding of Facts, Claims, Conclusions, Order and Notice to Desist and Refrain under the authority of this judgment, (See Exhibit B, "POC"):

**FINDING OF FACTS AND ASSOCIATED CLAIMS:**

1. Upon information and belief, the alleged trustee(s) for the original Mortgagee and their assigns (of beneficial interest) was/were, at all times material hereto, doing business in the COUNTY OF FRANKLIN, STATE OF PENNSYLVANIA, by and through the Company, some or all ens legis organizations, seemingly used to conceal fraud and usurp liability. See: Scanes v. Babb, 124 W. Va. 428, 20 S.E.2d 683, 686.

2. The TRUSTEE for the Family Trust, believing the Company would be reasonable, offered to settle the claimed mortgage balance in full. The TRUSTEE'S offer and/or the settlement instruments was/were refused and the settlement instrument(s) never returned. Accordingly, under UCC Section 2 and 3, 30 days having transpired, any payments have been accepted and the original Note should be returned to the TRUSTEE for the Family Trust.

3. At no time herein mentioned has any of the Company been determined to be a creditor

concerning the Mortgagor, despite repeated attempts to uncover the truth. Yet, the Company has encumbered the PROPERTY and has acted as if the Company was the creditor.

4. The Company has never proved that any loan was ever made to Mortgagor. In fact, the Company has admitted to never being the creditor in this mortgage transaction Therefore, the balance due on the above-referenced alleged Mortgage Loan is zero and 00/100 dollars ($0.00).

5. The Company has refused to produce the purported note, showing how it appears today. Further, by their lack of response, the Company has admitted that there is no note or that the Company is not in possession of the note, and therefor is not the creditor.

6. Any claim to foreclose, in which the Company is named, fails because the Company has (a) no legal standing and/or, (b) is ignorant of the claim and/or, (c) is ignorant of the use of its name in the action. It is contempt of legal process to attempt to foreclose in the name of a party without standing, even in non-judicial foreclosure states.

7. Further, within the same claim filed, a negotiable instrument was drawn to fictitious payee and payee named in it had no right to it, and its maker does not intend that such payee shall make anything by it. Goodyear Tire & Rubber Co. of California v. Wells Fargo Bank & Union Trust Co.,1 Cal.App.2d 694, 37 P.2d 483. **"Fictitiousness" depends on the intention to pay, rather than on the payee's existence.** Norton v. City Bank & Trust Co., C.C.A.Va., 294 F. 839, 844; Mueller & Martin v. Liberty Ins. Bank, 187 Ky, 44, 218 S.W. 465, 466.

8. At no time did those comprising the Company present an actual contract bearing the signature of all parties in this matter, an acceptance or agreement on any Documents defined such as Original Promissory Note, Allonge, Mortgage and/or Deed of Trust, as required within the Terms and Covenants section. There must be agreement of the contract for it to be valid. Rather, what appears to have been created was an implied trust, appearing as a contract, so as to defraud the

mortgagor. Since the mortgagor was ignorant of the existence of an **implied trust**, he/she didn't realize the need to **express that trust** to see the mortgagor's intent made manifest.

9. Original Mortgagor, and/or his assigns, did notice and serve documents to the appropriate parties named; Notice of Right to Cancel, Notice of Removal of Trustee, Notice of Rescission of Power of Attorney, Notice of Rescission as under TILA, and did convey PROPERTY to another entity, after discovering and correcting the Fraud on such named documents, naming a new and substituted trustee to such. Those parties, the Defendant(s) choose to ignore these notices and continue trespass upon Mortgagor's and the Family Trust's rights.

10. If the Company held a sale of the PROPERTY, the agent was not actually the beneficiary and further, had no authorization from the beneficiary and additionally there was no authorization on the public record leaving the alleged true beneficiary unnamed. Since the Company has admitted to having no creditor standing in regards to the PROPERTY and since the Family Trust has granted no authorization for a sale, any agent would have had to be acting in fraud. Therefore, the Company, would have unlawfully transferred the PROPERTY. The Company would have falsely submitted that the PROPERTY had been paid for as required by the County in "cash or certified funds". The Trust believes that this behavior is nothing more than **"Theft of Securities"**, showing securities being sold for profit by an alleged trustee and the Company. These foreclosure and sale entities, if they could ever be accurately identified, could be charged for theft of securities.

11. The Company has granted a specific power-of-attorney for the acquisition, procurement and/or production of any and all records, documents, and/or communications necessary for the securing of any and all rights, titles, and interests in or pertaining to any and all collateral associated with or secured by the above-referenced alleged Mortgage Loan to the TRUSTEE for the Family Trust.

12. The Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment on any and all PROPERTY,

fixtures, accounts, and public hazard bonds by the Claimant against the Company up to the amount of one hundred million and 00/100 dollars ($100,000,000.00) for any and all actions taken by the Company with the hindering, impeding, obstruction and/or delaying of the TRUSTEE's rights, titles and interests in any and all collateral in association with or the security for the above-referenced PROPERTY

13. The Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts, and public hazard bonds by the Claimant(s) against the Company up to the amount of one hundred million and 00/100 dollars ($100,000,000.00) for any and all actions taken by the Company with the semblance of harassment, coercion, defrauding, and/or defamation of the Claimant(s) and/or any negative reporting to any and all credit agencies, and/or the Claimant's collateral. The bonds of CEOs, CFOs, and attorneys who facilitate the Company's dishonor may now be attached to settle the Claimant's claim.

14. Claimant is entitled to performance and stipulated damages agreed to by Company's failure to respond or rebut or prove claims on both the Affidavit and POC. As per the Company's agreement to pay damages amounting to the Invoiced Amount total listed in the True Bill accounting of the dishonored POC in the following amounts, as the terms and conditions did clearly manifest, this document is a demand for payment of the agreed damages.

15. The Company has consented to the Claimant's or his assign's assumption of the full and exclusive power of attorney for all matters concerning the Mortgage, Trust Deed, Note and PROPERTY. The Company has consented to the Claimant's or his assign's assumption of the exclusive trustee position for the Trust Deed with full rights over liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts concerning the Deed of Trust, Note or the PROPERTY.

16. The Company agrees that because the Mortgage and/or the Trust Deed should have had payments by the tenant (Mortgagor) credited to the Principal (also, the Mortgagor), and because this fact was hidden from the Mortgagor, the Mortgage and/or the Trust Deed is void ab initio, void for fraud. Therefor the Mortgage and or Deed of Trust has been revoked and made a nullity.

**Claim A: Recoupment**

The **Executor** claims repayment of the funds in the amount of One Hundred Fifty One Thousand Dollars ($151,000.00) by fully discharging any claimed amount due on any mortgage note connected to the PROPERTY. Further, the Executor is entitled to damages on having these funds withheld by purposeful disenfranchisement, commercially harming the Executor. The funds designated as compensatory damages are equal to triple the amount of the original mortgage, Four Hundred Fifty Three Thousand Dollars ($453,000.00) of the Lawful Money of the United States.

**The Company has admitted that:**

(a) the Mortgagor's signing of a Note created a financial instrument of value to the Company. That is to say, what gave value to the Note was the Mortgagor's signature, not anything provided by the Company, and

(b) the Company profited when the Company used the Note as the basis for a currency transaction, and

(c) Title 12 1813 (L)(1) states that when one deposits a promissory note, it becomes a cash item to the bank, and consequently the depositor was supposed to get a receipt for it. But because the depositor (the Mortgagor) didn't know the value of the note, didn't know the bank's secret system, the Mortgagor didn't ask for a receipt. In any case, a receipt wasn't offered by the bank, and

(d) the Company refused to provide its copy of SEC form 8300 (federally required on deposits over $10,000.00), and

(e) the Mortgagor, therefore, was the first funds transferor and had the right to either the note or the cash equivalent. Since the Company kept the note, it now owes the cash equivalent

of the profits to the Mortgagor.

**Claim B: Illegal Confessed Judgments and Cognovit Notes**

The **Executor** claims repayment of the funds in the amount of One Hundred Fifty One Thousand Dollars ($151,000.00) by fully discharging any claimed amount due on any mortgage note connected to the PROPERTY. Further, the Executor is entitled to damages on having these funds withheld by purposeful disenfranchisement, commercially harming the Executor. The funds designated as compensatory damages are equal to triple the amount of the original mortgage, Four Hundred Fifty Three Thousand Dollars ($453,000.00) of the Lawful Money of the United States.

**The Company has admitted that:**

(a) the Mortgagor's Note was (is) actually a Cognovit Note, and

(b) the State in which the Note was created does hold cognovit notes to be illegal, or

if the State does hold cognovit notes to be legal, the Company failed to comply with all State laws concerning both the creation and the conclusion of the note.

**Claim C: Failure to Complete a Contract**

The **Executor** claims repayment of the funds in the amount of One Hundred Fifty One Thousand Dollars ($151,000.00) by fully discharging any claimed amount due on any mortgage note connected to the PROPERTY. Further, the Executor is entitled to damages on having these funds withheld by purposeful disenfranchisement, commercially harming the Executor. The funds designated as compensatory damages are equal to triple the amount of the original mortgage, Four Hundred Fifty Three Thousand Dollars ($453,000.00) of the Lawful Money of the United States.

**The Company has admitted that:**

(a) the words "In return for a loan I have received" at the beginning of the Mortgage document containing the word "Note" in the title, were false and misleading, for as it was written in the past tense, no loan at that point could have possibly been received, as no contracts had

been signed and no money had been received, and

(b) the cover of the Note has been stamped "Satisfied" or some other word with similar meaning, and

(c) any alteration of the original Note discharged any and all relevant obligations of the maker of the Note (if, in deed, any such obligations ever existed)

(d) that the Company converted the Note to currency and exchanged it for the PROPERTY in a swap with profit for the Company, and

(e) that the currency swap is what allowed the Mortgagor to deliver the PROPERTY fully "seised" as referenced in the mortgage documents, and

(f) this swap mechanism choreographed by the Company never involved a loan, and

(g) any "promise to pay" or similar phrase occurring on the Note is senseless if connected to a "loan" the Mortgagor has not received, and

(h) the Company refused to provide the Trust with an affidavit from the man or woman who has been keeping the general accounting ledger for payments made on this Mortgage/Note, swearing that:

    1. the balance is correct, and

    2. the underlying instrument, the genuine and original Note, is intact and in hand, and

    3) the Mortgagor was actually lent anything by the Company.

(i) the Company failed to provide the Mortgagor and the Family Trust with the original application (Mortgagor's offer) for the loan, and

(j) subsequent to its origination, the Company never notified the Mortgagor of any selling of the Note and failed to inform the Mortgagor of the identity and the address of the new holder-in-due-course, and

(k) the Company never disclosed the exact nature of what was planned for the Company's use of the Note, and

(l) that subsequent to the creation of the Mortgage and Note, the "Note" was used as:

    1. "securitization" in the pooling and repackaging by a special purpose entity of assets or other credit exposures that may be sold to investors as referred to under various

Asset Backed Securities Acts; and/or

2. part of a pool that created a stratified credit risk position whose performance was an integral part of a system dependent upon the underlying pool of credit exposures, and

m) the mortgage and/or Note now has a CUSIP number associated with it, indication of securitization as in point "c" immediately above, and

n) securitization in this manner does discharge any and all obligations of the Note maker.

## CONCLUSION IN FACT

17. Based on the Findings of Fact contained in points 1 through 16, the Company has been found to have committed acts of fraud, both commercial fraud and securities fraud, which is organized conspiracy to commit the crimes of extortion or coercion, or attempts to commit extortion or coercion. From the standpoint of extortion, it is the obtaining of money or property from another, with his consent, induced by the wrongful use of force, fear, misdirection and/or lack of disclosure. The fear which constitutes the legally necessary element in extortion is induced by oral or written threats (law suits) to do an unlawful injury to the property of the threatened person by means of Unlawful lawsuits and Securities Fraud.

18. Based on the Findings of Fact contained in points 1 through 16, the Company has brought unlawful court action(s), and/or non-judicial foreclosure and/or caused filings with the county recorder that break the chain of title and make false claims of ownership, without a real party of interest.

19. Based on the Findings of Fact contained in points 1 through 16, the Company has accumulated a debt owed to the Family Trust, as evidenced by the attached invoice. (See Exhibit A)

## DEMAND I TO QUIET TITLE

WHEREFORE this honorable court is moved to affirm the action to Quiet Title in favor of the Plaintiff(s), the Family Trust and issue judgment against Defendant(s) and each of them, as follows:

a. For an order compelling said Defendant(s), and each of them as appropriate, to transfer legal title and possession of the subject PROPERTY to Plaintiff(s) herein, and

b. For a declaration and determination that Plaintiff(s) is the rightful holder of title to the PROPERTY and that Defendant(s) herein, and each of them, be declared to have no estate, right, title or interest in said PROPERTY, and

c. . For a judgment forever enjoining said Defendant(s), and each of them, from claiming any estate, right, title or interest in the subject PROPERTY, and

d. For costs of suit herein incurred, and

e. For such other and further relief as the court may deem proper

This order should include having the County Recorder ordered to clear the title of the PROPERTY of any and all obligations by any claimants to mortgages on the PROPERTY. Further, Plaintiff(s) moves this court to issue a restraining order on the Company to Cease and Desist all collection and foreclosure efforts.

## DEMAND II FOR ORDER ON CLAIM A:

**Recoupment**:

Plaintiff(s) moves this court to order the Company to compensate the Executor for Claim A in the amount of One Hundred Fifty One Thousand Dollars ($151,000.00) for the principal value on the mortgage note(s) connected to the PROPERTY. Further, this judgment orders that funds designated as compensatory damages equal to triple the amount of the original mortgage, Four Hundred Fifty Three Thousand Dollars ($453,000.00) of Lawful Money of the United States shall be paid to the Executor for the wrong-doing of the Company in relation to Claim A. Accordingly, the total amount ordered under this DEMAND II is Six Hundred Four Thousand Dollars $604,000.00.

## DEMAND III FOR ORDER ON CLAIM B:

**Illegal Confessed Judgments and Cognovit Notes**

Plaintiff(s) moves this court to order the Company to compensate the Executor for Claim B in the amount of One Hundred Fifty One Thousand Dollars ($151,000.00) for the principal value on the mortgage note(s) connected to the PROPERTY. Further, this judgment orders that funds designated as compensatory damages equal to triple the amount of the original mortgage, Four Hundred Fifty Three Thousand Dollars ($453,000.00) of Lawful Money of the United States shall be paid to the Executor for the wrong-doing of the Company in relation to Claim B. Accordingly, the total amount ordered under this DEMAND III is Six Hundred Four Thousand Dollars $604,000.00.

## DEMAND IV FOR ORDER ON CLAIM C:

**Failure to Complete a Contract**

Plaintiff(s) moves this court to order the Company to compensate the Executor for Claim C in the amount of One Hundred Fifty One Thousand Dollars ($151,000.00) for the principal value on the mortgage note(s) connected to the PROPERTY. Further, this judgment orders that funds designated as compensatory damages equal to triple the amount of the original mortgage, Four Hundred Fifty Three Thousand Dollars ($453,000.00) of Lawful Money of the United States shall be paid to the Executor for the wrong-doing of the Company in relation to Claim C. Accordingly, the total amount ordered under this DEMAND IV is Six Hundred Four Thousand Dollars $604,000.00.

Notary Acknowledgement Follows

Respectfully submitted,

All Rights Reserved

May 10, 2011 DC
~~March 8,~~ 2011    _Deborah L Clugston_

Deborah L. Clugston, Beneficiary

American Citizen

c/o 342 Stonegate Court

Chambersburg, PA 17201

(717) 264-7592

ACKNOWLEDGEMENT

COMMONWEALTH OF PENNSYLVANIA    )
                                )SS:
COUNTY OF FRANKLIN              )

On this, the _10_ day of _May_, 20_11_, before me a notary public, the undersigned officer, personally appeared _Deborah L Clugston_ known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_Clare Elder_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CLARE R. ELDER, Notary Public
Chambersburg Boro, Franklin County
My Commission Expires January 9, 2013

Respectfully submitted,

All Rights Reserved

May 9, ~~March 8,~~ 2011

_(signature)_

David J. Pelkey, Executor

American Citizen

c/o 10606 Camino Ruiz, Suite 8222

San Diego, CA 92126

(858) 603-0399

ACKNOWLEDGEMENT

State of California

County of San Diego

On this 09 day of MAY, 2011, before me, IMAD ABOLHOSN Notary Public, personally appeared DAVID J. PELKEY, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in ~~her/her/their~~ authorized capacity(ies), and that by ~~her/her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the STATE OF CALIFORNIA that the foregoing paragraph is true and correct.

WITNESS my hand and official seal:

_(signature)_

Signature of Notary Public

[Notary Seal: IMAD ABOLHOSN, Commission # 1763619, Notary Public - California, San Diego County, My Comm. Expires Aug 26, 2011]

COMPLAINT FOR QUIET TITLE ACTION                                        COMPLAINT Pg 17 of 17