IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH CLUGSTON, *et al.*, | : | 1:11-cv-455 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| JOHN T. MCGINNINS, *et al.* | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**May 31, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Martin C. Carlson (Doc. 13), filed on May 10, 2011,

which recommends that we grant the Defendants' Motions to Dismiss (Docs. 3, 6

and7) and close this case.  No objections to the R&R have been filed by any party.[1]

For the reasons set forth below, the Court will adopt the R&R and dismiss this

action.

---

[1] Objections were due by May 27, 2011.

## I.      STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  *Henderson v. Carlson*, 812 F.2d 874, 878 (3d. Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.     DISCUSSION

This is a *pro se* civil rights action brought by Plaintiffs Deborah Clugston and David Pelkey arising out of on-going efforts by Ms. Clugston to avoid mortgage foreclosure on a property located in Chambersburg, Pennsylvania.  In 2006, Clugston executed a mortgage on the property to secure a $151,500.00 loan

made to her for the purpose of purchasing this real estate.  Thereafter, in November

of 2009, she transferred ownership of the property to an entity called Stonegate

Family Trust.  Clugston then defaulted on the mortgage payment obligations and

the Defendants filed a mortgage foreclosure action against her in the Franklin

County Court of Common Pleas.  In November of 2010, summary judgment was

entered in favor of the mortgage holder and the property was sold in a March 2011

Sheriff's Sale.

In March 2011, Clugston and David Pelkey, a person identified only as the

Executor of the Stonegate Family Trust, filed this action in federal court.  The

complaint was styled as a "complaint for quiet title action."  In this *pro se*

pleading, the Plaintiffs question the existence of any mortgage obligations and

make vague assertions that the mortgage lenders were engaged in some form of

illegal racketeering enterprise.  In the prayer for relief, Plaintiffs seek a quiet title

judgment and damages from the Defendants.

The Defendants responded to Plaintiffs' complaint with a series of Motions

to Dismiss.  (Docs. 3, 6 and 7).  The Defendants filed briefs in support of their

respective Motions.  On April 18, 2011, Magistrate Judge Carlson issued an Order

requiring Plaintiffs to file a response to the Motions in accordance with Local Rule

7.6 on or before May 2, 2011.  (Doc. 11).  The deadline passed without any action

by the Plaintiffs to support or defend the allegations made in the complaint.

Accordingly, Magistrate Judge Carlson issued the R&R ruling on the Defendant's

Motion to Dismiss.   Despite Magistrate Judge Carlson's well-settled ability to

grant the Defendant's Motions as unopposed, he engaged in a thorough and careful

analysis of the Plaintiffs' claims against the standard applied to Fed. R. Civ. P.

12(b)(6).  In particular, Magistrate Judge Carlson appropriately concluded that the

*Rooker-Feldman* doctrine prohibits us from reviewing, re-examining and rejecting

state court rulings in Clugston's prior mortgage foreclosure case.   Magistrate

Judge Carlson further concluded that Plaintiffs' pleading falls woefully short of

pleading a civil RICO claim, and merely recites the elements of the cause of action

without any well-pleaded factual allegations.  Based on the foregoing, Magistrate

Judge Carlson recommends that the Motions to Dismiss be granted.

Finally, Magistrate Judge Carlson recommends that Plaintiffs not be given

leave to amend their complaint.  Specifically, Magistrate Judge Carlson concludes

that leave to amend would be futile because the flaws Plaintiff's complaint are

"profound, irreversible, and not subject to correction."  It is evident that *Rooker*

*Feldman* bars this action and that Plaintiffs cannot meet the heightened pleading

standards applied to civil racketeering claims.  We wholly agree with the

Magistrate Judge's analysis on this point and shall adopt this recommendation.[2]

As we have already mentioned, neither Plaintiffs nor the Defendants have

filed objections to this R&R.  Because we agree with sound reasoning that led the

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its

entirety.  With a mind towards conserving judicial resources, we will not rehash

the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to

this documents, as it accurately reflects our consideration and resolution of the case

*sub judice*.  An appropriate Order shall issue.

---

[2] It is well to note that on May 13, 2011, the Plaintiffs filed an "Amended Complaint," which does not differ in any meaningful way from the original pleading.  It is also important to note that, despite this flawed attempt to pursue the action, Plaintiffs never filed an opposition to the Motions to Dismiss, as ordered, nor did they file objections to the R&R.